**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SARA MCPHERSON, AN INDIVIDUAL; AND ROBERT MCPHERSON, AN INDIVIDUAL,

Plaintiffs,

v.

B. BRAUN MEDICAL INC. and B. BRAUN INTERVENTIONAL SYSTEMS INC.,

Defendants.

Case No. ____________

**NOTICE OF REMOVAL BY DEFENDANTS B. BRAUN MEDICAL INC. AND B. BRAUN INTERVENTIONAL SYSTEMS INC. AND DEMAND FOR JURY TRIAL**

**PLEASE TAKE NOTICE THAT**, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants B. Braun Medical Inc. ("BMI") and B. Braun Interventional Systems Inc. ("BIS") [collectively "Defendants"], with full reservation of any and all defenses, objections, and exceptions, including, without limitation, objections to service, venue, and statute of limitations, hereby remove the above-referenced matter from the Circuit Court of the Eighteenth Judicial Circuit for Brevard County, Florida, to this Court, the United States District Court for the Middle District of Florida.[1] In support of removal, Defendants show the Court as follows:

[1] Defendants further state that BMI is not a proper defendant in this case because it was not involved in the design, development, manufacture, or distribution of the VenaTech LP at any time relevant to Plaintiff's claims. Defendants also state that the Complaint in this case incorrectly names BMI as "B. Braun Medical, Inc.," and BIS as "B. Braun Interventional Systems, Inc."

## BACKGROUND

1. On or about January 4, 2019, Plaintiffs Sara McPherson and Robert McPherson, ("Plaintiffs") commenced a civil action against Defendants by filing a Complaint for Damages ("Complaint" or "Compl.") in Circuit Court of the Eighteenth Judicial Circuit for Brevard County, Florida where the matter was assigned Case No. 05-2019-CA-010532-XXXX-XX.

2. On or about January 10, 2019, Plaintiffs effected service of the Complaint upon BMI and BIS via process server.

3. Defendants file this Notice of Removal within thirty (30) days after said action became removable under the applicable statutes.

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject matter jurisdiction under 28 U.S.C. § 1332 and because Defendants have satisfied the procedural requirements for removal.

## BASES FOR REMOVAL

### I. THIS COURT HAS SUBJECT MATTER JURISDICTION BECAUSE THE PARTIES ARE COMPLETELY DIVERSE, AND THE AMOUNT-IN-CONTROVERSY REQUIREMENT IS SATISFIED

5. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiffs and Defendants, and the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000. Thus, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

**A. <u>The Parties are Completely Diverse</u>.**

6. According to the Complaint, Plaintiffs are citizens and residents of the State of Florida. (*See* Compl. ¶ 1.)

7. BMI is, and has been at all relevant times, a corporation organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Pennsylvania. Accordingly, BMI is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

8. BIS is, and has been at all relevant times, a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Pennsylvania. Accordingly, BIS is a citizen of Delaware and Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

9. In accordance with 28 U.S.C. § 1332(a), complete diversity of citizenship exists because Plaintiff is not a citizen of any of the states of which BMI or BIS is a citizen. Furthermore, this action is removable because neither BMI nor BIS is a citizen of Florida, the state in which this action was commenced. *See* 28 U.S.C. § 1441(b).

10. Finally, as reflected by the Notice of Removal by BMI and BIS, the only Defendants named in this action, all defendants consent to this removal.

**B. <u>The Amount-In-Controversy Requirement is Satisfied</u>.**

11. Given the plain language of Plaintiff's Complaint, it is clear that the amount in controversy exceeds $75,000.

12. Plaintiffs' claims against Defendants sound in products liability. Plaintiffs seek monetary damages for purported injuries allegedly caused by a VenaTech LP vena cava

filter ("VenaTech filter"), a medical device distributed in the United States by BIS.[2] Defendants deny that they are liable to Plaintiffs, and deny that they or the VenaTech filter caused or contributed to the damages alleged by Plaintiffs in any manner whatsoever.

13. According to the Complaint, Plaintiff Sara McPherson "is at risk of suffering from serious health complications as well as current ones, due to the long-term implant of the filter" (Compl. ¶ 78.) Plaintiff contends that the "complications and heightened risk of future injuries" include "the increased risk of DVT despite the implanted device, constant pains in the abdominal region, risk of the filter migrating to the other parts of the vena cava, heart, lungs or other organs, fracture or breakage of the filter, perforation of the vena cava or other soft tissue and other complications." (*Id.* ¶ 79.)

14. Plaintiff asserts causes of action for negligent products liability (*id.* ¶¶ 99-114), strict products liability based on defective design (*id.* ¶¶ 115-141), strict products liability based on manufacturing defect (*id.* ¶¶ 142-149), strict products liability based on failure to warn (*id.* ¶¶ 150-175), breach of express warranty (*id.* ¶¶ 176-192), breach of implied warranty of merchantability (*id.* ¶¶ 193-204), breach of implied warranty of fitness (*id.* ¶¶ 205-213), fraudulent misrepresentation (*id.* ¶¶ 214-241), fraudulent concealment (*id.* ¶¶ 242-266), negligent misrepresentation (*id.* ¶¶ 267-286), loss of consortium by Plaintiff

---

[2] Plaintiffs incorrectly allege Defendants designed, set specifications for, manufactured, prepared, compounded, assembled, processed, marketed, distributed, researched, developed, tested, labeled, advertised, supplied, and/or sold the VenaTech filter. (*See, e.g.*, Compl. ¶ 6, 96, 98, 142.) In point of fact, none of the named defendants were responsible for the design or manufacture of the VenaTech filter. Rather, BIS has been the United States distributor of the VenaTech filter since 2007. Prior to that time, BMI was the United States distributor of the VenaTech filter. The VenaTech filter was designed and manufactured by non-party B. Braun Medical, an affiliated entity organized and existing under the laws of France.

Robert McPherson (*id.* ¶¶ 287-295), and punitive damages as to BIS and BMI (*id.* ¶¶ 296-299, WHEREFORE).[3]

15. With respect to alleged damages, the Complaint alleges Plaintiff suffered severe injuries including "economic damages, severe permanent injuries, emotional distress, psychological trauma of living with a defective product implanted" in her body. (*Id.* ¶ 80.) Plaintiff further alleges she suffered "mental anguish, physical pain and suffering, diminished capacity for the enjoyment of life, a diminished quality of life, medical and related expenses, and other losses and damages." (*Id.* ¶ 114.)

16. Plaintiffs also allege that Defendants actions caused Plaintiff Sara McPherson to "suffer and/or was at a greatly increased risk of serious and dangerous side effects, as well as other severe and personal injuries which are permanent and lasting in nature, physical pain and mental anguish, including diminished enjoyment of life." (*Id.* ¶ 266.) Further Plaintiff Sara McPherson alleges that she "suffered from a post implantation perforation of her IVC." (*Id.* ¶ 113.) Plaintiff Sara McPherson is allegedly "more susceptible to the threat of imminent threat of death, migration, thrombosis, blockage or other life-threatening side effects." (*Id.* ¶ 64.)

17. The amount-in-controversy requirement is met. When the jurisdictional amount is not alleged in a complaint, the court must consider the Notice of Removal and documents concerning the amount in controversy. *See Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) ("Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the

---

[3] Plaintiffs' Complaint includes multiple un-numbered WHEREFORE paragraphs requesting, among other things, punitive damages.

pleadings to determine whether it is facially apparent that a case is removable.") (quoting *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010); *see also* 28 U.S.C. § 1446(c)(2) ("the notice of removal may assert the amount in controversy"). This Court may also rely on its "judicial experience and common sense" to determine whether a claim satisfies the amount-in-controversy requirement. *Roe*, 613 F.3d at 1062; *James v. Washington Nat'l Ins. Co.*, No. 3:18-CV-628-J-34JRK, 2018 WL 4091001, at *3 (M.D. Fla. Aug. 28, 2018) (applying *Roe* and *Pretka* to determine whether amount in controversy exceeds $75,000.00).

18. Given Plaintiffs' alleged injuries, it is "'facially apparent' from the [complaint] itself that the amount in controversy exceeds the jurisdictional minimum, even [though] 'the complaint does not claim a specific amount of damages.'" *Roe*, 613 F.3d at 1061 (quoting *Pretka*, 608 F.3d at 754); *see also*, *e.g.*, *Becker v. Infinity Auto Ins. Co.*, No. 6:14-CV-1954-ORL, 2015 WL 574257, at *2 (M.D. Fla. Feb. 11, 2015) (amount in controversy met where plaintiff alleged "bodily injury including permanent injury to the body as a whole, pain and suffering, both physical and mental, disability, disfigurement, physical impairment, mental anguish, inconvenience, loss of capacity for the enjoyment of life, aggravation of a pre-existing condition, expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of ability to earn money and loss of ability to lead and enjoy a normal life"); *Ostrowski v. Am. Tire Distributors, Inc.*, No. 617CV598ORL31KRS, 2017 WL 2115984, at *2 (M.D. Fla. May 16, 2017) (finding that personal injury claims for "aggravation of pre-exiting conditions, pain and suffering, disability, permanent scarring and disfigurement, impairment of working ability,

inconvenience, mental anguish, and loss of enjoyment of life" can reasonably be inferred to exceed $75,000.00); *Yetter v. Amica Mut. Ins. Co.*, No. 6:13-CV-972-ORL-31, 2013 WL 3837185, at *2 (M.D. Fla. July 24, 2013) (finding the jurisdictional threshold met because "Plaintiffs' extensive list of alleged damages, her repeated demands for $100,000… and her uncontested assertion that she *faces the prospect of spinal surgery* far outweigh the fact that she has only suffered $12,905 in medical bills so far") (emphasis added); *Diaz v. Big Lots Stores, Inc.*, No. 5:10-CV-319-OC-32JBT, 2010 WL 6793850, at *2 (M.D. Fla. Nov. 5, 2010) (noting "the nature of the injuries alleged in the complaint, including potentially permanent disability and disfigurement, provide some evidence that the amount in controversy exceeds the jurisdictional amount").

## II. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL, AND REMOVAL IS THEREFORE PROPER.

19. No previous application has been made for the relief requested herein.

20. Plaintiff served the Summons and Complaint for Damages on January 10, 2019. Defendants file this Notice of Removal on January 30, 2019. Consequently, this Notice of Removal is timely pursuant to 28 U.S.C. §§ 1441 and 1446 because it is being filed within thirty (30) days after the first receipt by BIS and BMI of the Complaint for Damages.

21. Defendant's Notice of Removal is properly directed to this Court pursuant to 28 U.S.C. § 1446(a). The United States District Court for the Middle District of Florida embraces the Circuit Court of the Eighteenth Judicial Circuit for Brevard County, Florida, where Plaintiffs' action is pending. *See* 28 U.S.C. § 89(b).

22. As required by 28 U.S.C. § 1446(a), true and correct copies of all records and proceedings filed in the state court action, including Plaintiffs' Summons and Complaint for

Damages, are annexed hereto as Exhibit A; as is also required, annexed hereto as Exhibit B is the Brevard County state court docket for Case No.: 05-2019-CA-010532-XXXX-XX and Exhibit C, the Civil Cover Sheet for this action.

23. Pursuant to 28 U.S.C. § 1446(d), Defendants are filing a written notice of this removal with the clerk of the Circuit Court of the Eighteenth Judicial Circuit for Brevard County, Florida, where Plaintiffs' action is pending. Copies of this Notice of Removal and the written notice of same are also being served on Plaintiffs' counsel in accordance with 28 U.S.C. § 1446(d).

## CONCLUSION

24. Removal of this case is just and proper. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between the parties and the amount in controversy, exclusive of interests and costs, exceeds the sum of $75,000. Accordingly, this action is properly removed to this Court pursuant to 28 U.S.C. § 1441.

**WHEREFORE**, Defendants respectfully remove this action to the United States District Court for the Middle District of Florida from the Circuit Court of the Eighteenth Judicial Circuit for Brevard County, Florida pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Should any question arise to the propriety of this removal, Defendants respectfully request an opportunity to provide briefing and oral argument.

Dated: January 30, 2019

**GREENBERG TRAURIG, LLP**

/s/ Jason Okleshen
Jason H. Okleshen
Florida Bar No. 0496170
GREENBERG TRAURIG, LLP
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
(561) 650-7949
okleshenj@gtlaw.com

Lori G. Cohen (*pro hac vice* to be filed)
Sean Jessee (*pro hac vice* to be filed)
GREENBERG TRAURIG, LLP
Terminus 200
3333 Piedmont Road N.E., Suite 2500
Atlanta, Georgia 30305
(678) 553-2385
CohenL@gtlaw.com
JesseeS@gtlaw.com

Daniel I.A. Smulian (*pro hac vice* to be filed)
GREENBERG TRAURIG, LLP
The MetLife Building
200 Park Avenue
New York, New York 10166
(212) 801-2271
SmulianD@gtlaw.com

*Attorneys for Defendants B. Braun Medical Inc. and B. Braun Interventional Systems Inc.*

ATL 23185385v4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

SARA MCPHERSON, AN INDIVIDUAL; AND ROBERT MCPHERSON, AN INDIVIDUAL,

Plaintiffs,

v.

B. BRAUN MEDICAL INC. and B. BRAUN INTERVENTIONAL SYSTEMS INC.,

Defendants.

Case No. ____________

**CERTIFICATE OF SERVICE**

I, Jason Okleshen, an attorney admitted to practice law in the State of Florida, and a member of good standing of the bar of this Court, hereby certify as follows under penalty of perjury:

1. On January 30, 2019, I caused true and correct copies of the:

**CIVIL COVER SHEET;**

**NOTICE OF REMOVAL BY DEFENDANTS B. BRAUN MEDICAL INC. AND B. BRAUN INTERVENTIONAL SYSTEMS INC.**;

**DEFENDANT B. BRAUN MEDICAL INC.'S RULE 7.1 DISCLOSURE STATEMENT**;

**DEFENDANT B. BRAUN INTERVENTIONAL SYSTEMS INC.'S RULE 7.1 DISCLOSURE STATEMENT;** and

**DEMAND FOR JURY TRIAL BY DEFENDANTS B. BRAUN MEDICAL INC. AND B. BRAUN INTERVENTIONAL SYSTEMS INC.**

to be filed with the Court using the CM/ECF system.

2. On January 30, 2019, I also caused true and correct copies of the above-identified documents also to be served, via First Class U.S. Mail, with adequate postage prepaid, upon Plaintiffs' counsel of record at the physical address set forth below:

**Carmen A. DeGisi, Esq.**
Marc J. Bern & Partners, LLP
101 West Elm Street, Suite 215
Conshohocken, Pennsylvania 19428

3. On January 30, 2019, I further caused true and correct copies of the above-identified documents to be served upon Plaintiffs' counsel of record by electronic mail at the electronic mail address set forth below:

**Carmen A. DeGisi, Esq.**
**cdegisi@bernllp.com**

Dated: January 30, 2019

**GREENBERG TRAURIG, LLP**

/s/ Jason Okleshen
Jason H. Okleshen
Florida Bar No. 0496170
GREENBERG TRAURIG, LLP
777 South Flagler Drive, Suite 300 East
West Palm Beach, FL 33401
(561) 650-7949
okleshenj@gtlaw.com

*Attorneys for Defendants B. Braun Medical Inc. and B. Braun Interventional Systems Inc.*

*ATL 23189878v1*