UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

SARAH MCPHERSON and ROBERT
MCPHERSON,

          Plaintiffs,

v.                                             Case No:  6:19-cv-188-Orl-40LRH

B. BRAUN INTERVENATIONAL
SYSTEMS INC and B. BRAUN
MEDICAL INC,

          Defendants.
_____/

## **ORDER**

This cause comes before the Court upon *sua sponte* review of the Complaint.

Plaintiffs, Sarah McPherson and Robert McPherson, bring this products liability action against Defendants, B. Braun Intervenational Systems Inc. and B. Braun Medical Inc. (collectively "**Defendants**"), alleging claims such as negligence, strict products liability, and breach of warranty. (Doc. 1-1). Importantly, each Count avers claims against "Defendants" without specifying what conduct each Defendant participated in to give rise to liability. (*Id.*). This feature renders the Complaint a shotgun pleading.

In *Weiland v. Palm Beach County Sheriff's Office*, 792 F.3d 1313 (11th Cir. 2015), the Eleventh Circuit outlined four types of shotgun complaints:

> The most common type—by a long shot—is a complaint containing multiple counts where each count adopts the allegations of all preceding counts, causing each successive count to carry all that came before and the last count to be a combination of the entire complaint. The next most common type . . . is a complaint . . . replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action. The third type of shotgun pleading is one that commits the sin of not separating into a different count each cause of action or claim for relief. Fourth, and finally,

>   there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against.

*Id.* at 1321–23 (footnotes omitted).

Shotgun complaints are deficient because "they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Id.* at 1323; *see also Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll.*, 77 F.3d 364, 366 (11th Cir. 1996). Shotgun pleadings are routinely dismissed *sua sponte* for violation of Federal Rules of Civil Procedure 8(a)(2) and 10(b). *Weiland*, 792 F.3d at 1320.[1]

The Complaint is due to be dismissed as a shotgun pleading. The Complaint falls within the fourth shotgun pleading category because it fails to differentiate between Defendants in any of the Counts. *See Weiland*, 792 F.3d at 1322–23.

In repleading, Plaintiffs should more scrupulously heed federal pleading requirements. Federal Rules of Civil Procedure 8 and 10 require that all pleadings include "short and plain" statements of the pleader's claims set forth in "numbered paragraphs each limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 8(a), 10(b); *see also Kabbaj v. Obama*, 568 F. App'x 875, 879 (11th Cir. 2014) (per curiam). Allegations must be "simple, concise, and direct," Fed. R. Civ. P. 8(d)(1), and the pleading must not include mere labels, legal conclusions, or formulaic recitations of the legal elements of a claim. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

---

[1] "When presented with a shotgun complaint, the district court should order repleading *sua sponte*." *Ferrell v. Durbin*, 311 F. App'x 253, 259 n.8 (11th Cir. 2009) (per curiam); *Wagner v. First Horizon Pharm. Corp.*, 464 F.3d 1273, 1280 (11th Cir. 2006); *see also Bonilla v. Baker Concrete Const., Inc.*, 487 F.3d 1340, 1345 (11th Cir. 2007) ("Unpublished opinions are not controlling authority and are persuasive only insofar as their legal analysis warrants.").

Rules 8 and 10 work together "to require the pleader to present his claims discretely and succinctly." *Fikes v. City of Daphne*, 79 F.3d 1079, 1082 (11th Cir. 1996). The Complaint ignores the dictates of Rules 8 and 10 in several instances. For example, Plaintiffs include ten pages (from a fifty-two-page Complaint) of factual allegations that are not specifically incorporated into any Counts, so it is unclear what their relevance is to the claims. (Doc. 1-1, ¶¶ 13–80). Plaintiffs are encouraged to keep the Complaint to a manageable length by, among other things, avoiding repetition and limiting the allegations to what is needed to state plausible claims.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1. The Complaint (Doc. 1-1) is **DISMISSED WITHOUT PREJUDICE**.
2. Defendants' Motion to Dismiss (Doc. 16) is **DENIED** as moot.
3. On or before **Friday, July 12, 2019**, Plaintiffs may file an Amended Complaint.
4. **Plaintiffs are cautioned that failure to file an Amended Complaint within the time provided will result in the Court dismissing this case and closing the file without further notice.**

**DONE AND ORDERED** in Orlando, Florida on June 28, 2019.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties